# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| JUAN JULIAN FELIPE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Nos.: 3:13-CR-161-PLR-HBG-2 |
| | ) 3:16-CV-571-PLR |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

Now before the Court is a pro se prisoner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Doc. 993[1]] and a supplement thereto [Doc. 1045]. Respondent has filed responses in opposition to both the § 2255 motion and the supplement [Docs. 996, 1055]. The Court finds that, after reviewing the relevant parts of the record, an evidentiary hearing is not warranted. Rules Governing Section 2254 and 2255 Cases, Rule 8. Further, for the reasons set forth below, Petitioner is not entitled to relief under § 2255 and the motion for relief under § 2255 [Doc. 993] will be **DENIED**.

### I. BACKGROUND

Petitioner pleaded guilty to conspiracy to distribute and possess with intent to distribute five kilograms or more of a mixture an substance containing a detectable amount of cocaine and two-hundred and eighty grams or more of a mixture and substance containing a detectable amount of cocaine, also known as "crack," in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A) [Doc. 248 p. 1]. As to this offense, the plea agreement specifically stated that the punishment was

---

[1] All citations to the record are to the criminal case.

a mandatory minimum term of imprisonment of at least ten years and up to life, among other things [*Id.*]. Petitioner also pleaded guilty to conspiracy to commit money laundering in violation of 18 U.S.C. 1956(h) [*Id.*]. As to this offense, the plea agreement specifically stated that the punishment was a term of imprisonment of up to twenty years, among other things [*Id.*]. Accordingly, on March 4, 2015, the Court sentenced Petitioner to a term of one-hundred and thirty-five months' imprisonment for each of the charges, to be served concurrently, as well as five years supervised release [Doc. 721].

In his § 2255 motion,[2] Petitioner alleges that he "was granted insufficient counsel" as he did not see or got over the presentence investigation report with his counsel when he pleaded guilty, after he pleaded guilty, or before his sentencing [Doc. 993 p. 1; Doc. 1045 p. 2]. Petitioner further states that his lawyer misled him with regard to his guilty plea, as Petitioner thought that he would receive a sentence of seventy to eighty-seven months' imprisonment, rather than one-hundred and thirty-five [Doc. 993 p. 1; Doc. 1045 p. 2].

## II. ANALYSIS

The Sixth Amendment provides, in pertinent part: "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. A defendant has a Sixth Amendment right not just to counsel, but to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In

---

[2] Approximately a year after this Court entered its judgment against him, Petitioner filed a "motion to appeal" his conviction based on the assertion that his counsel was "insufficient" [Doc. 932]. Despite the title of his filing, Petitioner later asserted that he intended to file a motion under § 2255, rather than an appeal [Doc. 991 p. 3]. Accordingly, the United States Court of Appeals for the Sixth Circuit remanded the matter back to this Court for a determination of whether the "motion to appeal" may be construed as a motion filed pursuant to § 2255 [*Id.*]. This Court construed Petitioner's motion to appeal as a motion for relief under § 2255 [Doc. 992] and this matter proceeded in accordance therewith.

*Strickland*, the Supreme Court set forth a two-pronged test for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland*, 466 U.S. at 687. Petitioner has the burden to prove ineffective assistance of counsel. *Virgin Islands v. Nicholas*, 759 F.2d 1073, 1081 (3d Cir. 1985).

In considering the first prong of *Strickland*, the appropriate measure of attorney performance is "reasonableness under prevailing professional norms." *Strickland*, 466 U.S. at 688. A party asserting an ineffective assistance of counsel claim must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690. The evaluation of the objective reasonableness of counsel's performance must be made "from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986).

The second prong of the *Strickland* test requires a claimant to show counsel's deficient performance prejudiced the defense. Thus, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691.

Where a petitioner pleaded guilty, he must show that, but for counsel's deficient performance, he would not have pleaded guilty in order to establish prejudice. *Hill v. Lockhart*, 474 U.S. 52, 58–59 (1985). To demonstrate a reasonable probability that he would have gone to

trial, the petitioner must present evidence apart from a lone assertion that but for counsel's error he would have pleaded not guilty and gone to trial. *Id.* at 59.

The Supreme Court has emphasized a claimant must establish both prongs of a claim for ineffective assistance of counsel in order to meet his burden, and if either prong is not satisfied, the claim must be rejected. *Strickland*, 466 U.S. at 69.

First, counsel could not have reviewed the presentence investigation report with Petitioner prior to Petitioner entering into his plea agreement or entering his plea of guilty. Petitioner entered his plea agreement on April 8, 2014 [Doc. 248] and changed his plea to guilty in a hearing on April 29, 2014 [Docs. 259, 949]. In accordance with the normal practice of the Court, however, the presentence investigation report was not prepared until several months later on October 14, 2014 [Doc. 481]. Thus, counsel could not have been deficient for not reviewing a report that did not exist with Petitioner prior to Petitioner signing his plea agreement or entering his plea of guilty with the Court.

Further, as set forth above, Petitioner's plea agreement[3] expressly stated that the punishment for the first offense to which Petitioner pleaded guilty was a mandatory minimum sentence of ten years and that the punishment for second offense to which Petitioner pleaded guilty was a term of imprisonment of up to twenty years [Doc. 248 p. 1]. Also, at the hearing in which Petitioner entered his pleas of guilty and prior to Petitioner doing so, Petitioner specifically stated that counsel had explained the terms of the plea agreement to him and the attorney for the United States read the punishments for each of the offenses on the record [Doc. 949 p. 5, 8–9]. "[S]olemn declarations in open court carry a strong presumption of verity," *Blackledge v. Allison*, 431 U.S.

---

[3] Petitioner not only signed the plea agreement, he also initialed each page [Doc. 248].

4

63, 74 (1977), and a petitioner is bound by such statements where the court has followed Rule 11 procedure. *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986).

Accordingly, it is apparent that Petitioner was aware of his sentencing exposure for each of the charges to which he entered a plea of guilty when he signed his plea agreement and prior to entering his plea of guilty with the Court. Also, Petitioner has not alleged, much less established, that he would not have pleaded guilty but for his counsel's advice. Thus, even if the Court assumes that counsel misled Petitioner as to his sentencing exposure, Petitioner has not established that any such deficient performance prejudiced him.

### III.     CONCLUSION

For the reasons set forth above, Petitioner is not entitled to relief under § 2255 and his § 2255 motion [Doc. 993] will be **DENIED**. Thus, under 28 U.S.C. § 2253(c)(2), the Court must determine whether to grant a certificate of appealability ("COA"). A COA should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As Petitioner has not made a substantial showing of a denial of a constitutional right with regard to his allegations of ineffective assistance of counsel, a COA **SHALL NOT ISSUE**.

Further, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Accordingly, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ISSUE.**

**E N T E R :**

*/s/ Pamela L. Reeves*
**UNITED STATES DISTRICT JUDGE**